Filed 4/18/22  Marriage of Chavez CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re the Marriage of RUDOLFO and LEAH CHAVEZ. | C090325 |
| RUDOLFO CHAVEZ,<br><br>Respondent,<br><br>v.<br><br>LEAH CHAVEZ,<br><br>Appellant. | (Super. Ct. No. STA-FL-DWC-2014-0005424) |

Appellant Leah Chavez appeals from a trial court order bifurcating the issue of marital status and ordering termination of the same.  Appellant contends the trial court lacked the authority to "bifurcate and terminate the parties' marital status" on its own motion.  In so doing, she argues, the trial court denied her due process right to "notice and . . . opportunity to prepare and argue against bifurcation."  We affirm the trial court's order.

1

## DISCUSSION

California Rules of Court, rule 5.390(a) states that on noticed motion of a party, using form FL-300, "Request for Order," "the stipulation of the parties, case management, *or the court's own motion*, the court may bifurcate one or more issues to be tried separately before other issues are tried." (Italics added.) Accordingly, the court had the authority to bifurcate and terminate the parties' marital status on its own motion.

Moreover, "[c]onsistent with the legislative policy favoring no fault dissolution of marriage, only slight evidence is necessary to obtain bifurcation and resolution of marital status. On the other hand, a spouse opposing bifurcation must present compelling reasons for denial." (*Gionis v. Superior Court* (1988) 202 Cal.App.3d 786, 790.) Here, appellant objected to the court terminating the parties' marital status because, she argued, it would cause her to lose her health insurance. The court noted they already discussed terminating the parties' marital status at the settlement conference. During that discussion, the court agreed to "carv[e] out the health insurance and the life insurance for when [the parties returned] in two weeks." On this record, we conclude appellant's stated concern failed to present a "compelling reason" for the court not to terminate the parties' marital status.

DISPOSITION

The trial court order bifurcating and terminating the parties' marital status is affirmed.  Respondent is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　HOCH, J.



We concur:



/s/
ROBIE, Acting P. J.



/s/
KRAUSE, J.